IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMIAH LAMBERT,

                                                                                       ORDER

                           Plaintiff,

                                                                       11-cv-418-bbc

     v.

DR. KENNETH ADLER,

                         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Judgment was entered in this case on November 20, 2013 in favor of defendant, following a court trial in which I found that plaintiff Jeremiah Lambert's counsel failed to prove that defendant Kenneth Adler, M.D. acted with deliberate indifference to plaintiff's serious medical need. On April 30, 2014, I denied plaintiff's pro se motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). Now plaintiff has filed a pro se notice of appeal. Because the notice is not accompanied by the $505 fee for filing his appeal, I construe plaintiff's notice to include a request for leave to proceed on appeal <u>in forma pauperis</u>.

      Plaintiff's request for leave to proceed <u>in forma pauperis</u> on appeal is governed by the 1996 Prison Litigation Reform Act. This means that this court must determine first whether plaintiff's request must be denied either because he has three strikes against him under 28 U.S.C. § 1915(g) or because the appeal is not taken in good faith. Plaintiff does not have

1

three strikes against him and I do not intend to certify that his appeal is not taken in good faith.

The only other hurdle to proceeding on the appeal in forma pauperis is the requirement that plaintiff make an initial partial payment of the filing fee that has been calculated from a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. 28 U.S.C. § 1915(a)(2). Plaintiff has not submitted the necessary trust fund account statement. Until he does so, I cannot determine whether he is indigent and, if he is, the amount of his initial partial payment.

ORDER

IT IS ORDERED that plaintiff may have until June 30, 2014, in which to submit a certified copy of his trust fund account statement for the six-month period from approximately November 27, 2013 to approximately May 27, 2014. If by June 30, 2014, plaintiff fails to submit the required trust account statement or show cause for his failure to do so, then I will deny his request for leave to proceed in forma pauperis on the ground that he has failed to show that he is entitled to indigent status on appeal.

Entered this 4th day of June, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

2